## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **DEVABHAKTUNI MANOGNA,** | ) | |
| **Plaintiff,** | ) | |
| **vs.** | ) | **No. 3:19-CV-2556-L-BH** |
| | ) | |
| **EDWARD ANTHONY MASEN** | ) | |
| **CULLEN, JR.,** | ) | |
| **Defendant.** | ) | **Referred to U.S. Magistrate Judge[1]** |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Before the Court is the plaintiff's second *Application to Proceed in Forma Pauperis,*

filed November 4, 2019 (doc. 8).

The plaintiff previously applied for leave to *proceed in forma pauperis* on October 28,

2019.  (*See* doc. 3.)  It was subsequently recommended that the application be denied, and that

the case summarily dismissed unless the plaintiff timely paid the filing fee, because she has been

sanctioned for filing frivolous lawsuits and barred from proceeding in *forma pauperis* in any

civil action in this court.  (*See* doc. 5.)  In response, she has simply filed another application for

leave to *proceed in forma pauperis.*

Because Plaintiff is subject to the sanctions order in Cause No. 3:19-CV-2216-G, her

second application to proceed *in forma pauperis* in this case should be **DENIED**, and her claims

should be summarily **DISMISSED** without prejudice unless she pays the full filing fee[2] prior to

acceptance of this recommendation, or before a deadline otherwise established by the Court.

---

[1]By *Special Order No. 3-251*, this *pro se* case has been automatically referred for judicial screening.

[2]As of May 1, 2013, a $50 administrative fee will be assessed in addition to the $350 filing fee, resulting in a total filing fee of $400 for a civil action in which the plaintiff has not sought or been granted leave to proceed *in forma pauperis*. *See* District Court Miscellaneous Fee Schedule.

**SO RECOMMENDED this 6th day of November, 2019.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE